UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

SUSAN J BARNES,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

Case No. 2:22-CV-243-GSL

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Unopposed Motion for Approval of Attorney Fees Pursuant to § 406(b). [DE 28]. After this case was remanded to the Social Security Administration, Plaintiff-claimant was awarded past-due benefits. [*Id.*]. Pursuant to the Federal Fee Agreement, Plaintiff-claimant agreed to pay 25% of the any past-due benefits awarded to Plaintiff's attorney, which here, is $45,886.42. [*Id.*]. Relevant to the request of Plaintiff's attorney, Plaintiff's attorney received $9,200 pursuant to an award of attorney fees under the Equal Access to Justice Act (EAJA), which will be refunded to Plaintiff if fees are awarded here under § 406(b). [*Id.*].

The Court agrees with this course of action: it is well-established that when fees are awarded under both the Equal Access to Justice Act and § 406(b), the attorney must refund the lesser amount to the Plaintiff-claimant. *Jakel-Taylor v. Barnhart*, 2007 U.S. Dist. LEXIS 104366, at *3 (N.D. Ind. Jan. 22, 2007) (citing *Gisbrecht v. Barnhart* 535 U.S. 789, 796 (2002)); *see Robert M.S. v. Andrew M. Saul comm'r of the SSA*, 2023 U.S. Dist. LEXIS 243645, at *2 (S.D. Ind. Mar. 8, 2023). Section 406(b)(1) concludes by stating that "no other fee may

be payable or certified for payment for such representation." *Jakel-Taylor v. Barnhart*, 2007 U.S. Dist. LEXIS 104366, at *3 (N.D. Ind. Jan. 22, 2007).

Having resolved the EAJA issue, the Court now will undertake an analysis of whether the request of Plaintiff's attorney of $45,886.42 is reasonable, as required by § 406. *Jakel-Taylor*, 2007 U.S. Dist. LEXIS 104366, at *8 (citing *Gisbrecht*, 535 U.S. at 807). The court must consider the time and labor required; the skill required; whether the fee was contingent or fixed; the amount involved and the result attained; the attorney's experience, reputation, and ability; and awards in similar cases. *Jakel-Taylor*, 2007 U.S. Dist. LEXIS 104366, at *8 (citing *Hodges-Williams v. Barnhart*, 400 F.Supp.2d 1093, 1099 (N.D. Ill 2005)).

The commissioner offered no dispute to the request of Plaintiff's attorney for an award of $45,886.42 pursuant to § 406(b). Plaintiff's attorney is experienced in this field, and achieved a favorable decision for Plaintiff-claimant. Plaintiff-claimant will receive over $135,000 in past-due benefits. [DE 28]. Upon review of all of the information of this case, and the hours expended on behalf of Plaintiff's claim, the court concludes that the fees requested by Plaintiff's attorney is reasonable.

*Conclusion*

Plaintiff's attorney is GRANTED an award of $45,886.42 pursuant to § 406(b). Plaintiff's attorney is ORDERED to refund the $9,200 in EAJA fees.

SO ORDERED.

ENTERED: September 29, 2026

/s/ GRETCHEN S. LUND
Judge
United States District Court